# FEDERAL OPINIONS

## No. 725

### FT. DEARBORN COAL CO. v. BORDERLAND COAL CO.

U. S. Appeals, 6th Circuit.

No. 4813. July 3, 1925.

**1105. STATUTE OF FRAUDS.—1. Where defendant directs shipment of coal under oral contract, direct to customer; and defendant is a coal broker, known by plaintiff, contract not taken out of statute of frauds since such direction was not acceptance or exercise of ownership.**

**2. Sec. 8384 GC. requires "actual receipt" in addition to acceptance.**

DONAHUE, C. J.

The Ft. Dearborn Coal Co. instituted an action against the Borderland Coal Sales Co. in the District Court seeking to recover damages for breach of a contract for the sale of 37 cars of coal which was claimed to have been sold to the Sales Company and delivered upon its order 32 cars to the Chicago By-Products., which company refused to accept same.

The Sales Co. denied the agreement whereby the coal was to be shipped to the By Produst Co. in its (The Sales Company's) order; and that the contract entered into was oral and therefore void, the value of the goods being over $2500. The Coal Co. claimed there was some memordandum in writing and that the buyer had in fact accepted and received part of the goods.

Negotiations, it seems, were had between the parties in which the Coal Co. agent informed the Sales Co. agent that the volatile in the coal would not be guaranteed. The latter agent then placed an order for coal with a 20% volatile matter. A memorandom was made of this order. The Coal Co. rejected and returned this order reiterating no volatile guaranty; and upon further conversation with the Sales Co. agent, 32 cars were to be sent to the By-Products Co. and a withholding of shipment until further instructions. The District Court upon motion, directed a verdict in favor of the Sales Co.

Error was prosecuted and the Circuit Appeals held:

1. From the record, the Sales Co. would have been justified in the belief that the rejection and return of the written order ended the transaction, so that any shipments made were made in pursuance of the verbal contract after the written order had been rejected.

2. The coal was not accepted by the By-Products Co.; but was rejected for excess volatile matter; as it had a right to do under the written memorandum.

3. The contention that the Borderland Co. exercised acts of ownership is not sustained by the evidence.

4. The Borderland Co. is a coal broker, as was known by the Dearborn Co. and the order to ship to the By-Products Co. was part of its original oral negotiations.

5. Whether or not the Sales Co. agent's promise to "handle" the coal was an acceptance under 8384 GC., there was not the "actual receipt" which 8384 GC. requires in addition to acceptance.

Judgment affirmed.

Attorneys—Walter K. Sibbald for Ft. Dearborn Co.; Hunt, Bennett & Utter for Borderland Co.; all of Cincinnati.